UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MICHAEL ARAM, INC.,                      :          05 Civ. 8380 (CSH)

       Plaintiff,                              :          MEMORANDUM OPINION
                                                                         AND ORDER
   -against-                                 :

LAUREY, a division of STRATEGIC         :
BRANDS, STEVEN FRIEDEL and EVER
MUTUAL ENTERPRISES, CO., LTD. and  :
XYZ CORPORATIONS 1-50,
                                         :
       Defendants.
--------------------------------------------------------X

Haight, Senior District Judge:

      Plaintiff Michael Aram, Inc. ("Plaintiff") filed suit against the above-named defendants for copyright infringement. Defendant Laurey, a division of Strategic Brands, answered Plaintiff's Complaint on the merits, while Defendant Steven Friedel, who is president of Laurey, moved to dismiss the Complaint as against him pursuant to Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion to dismiss the claims against Friedel. For the following reasons, the Court denies Friedel's motion to dismiss.

## BACKGROUND

      Plaintiff is a designer of metal ware, including hardware drawer handles or pulls. Complaint ¶ 9. Plaintiff purports to own protectible interests in the works at issue in this matter, consisting of certain drawer pulls ("the Subject Works"). *Id.* ¶¶ 10-13. Plaintiff alleges that Defendants have "copied Plaintiff's copyrightable designs" in the Subject Works. *Id.* ¶ 14. Specifically, according to Plaintiff, Defendants had access to the Subject Works through

1

advertisements, publications, and trade shows, and Defendants Laurey and Friedel engaged Defendant Ever Mutual Enterprises, Co. ("Ever Mutual") to manufacture products that infringed upon Plaintiff's copyrights in the Subject Works. *Id.* ¶¶ 15, 23, 27, 28. Further, Plaintiff alleges that "Defendants Laurey, Friedel, and Ever Mutual[,] with full knowledge of Plaintiff's rights in the designs of the Subject Works, intentionally infringed these designs by making, selling and distributing unauthorized copies of the Subject Works." *Id.* ¶ 29. As a purported result, Plaintiff claims to be entitled to "injunctive and monetary relief for Defendants' infringement of Plaintiff's registered copyrights in its hardware designs." *Id.* ¶ 1.

Friedel counters that Plaintiff's Complaint fails to state a claim against him, and that it also fails to give him notice of Plaintiff's purported claim. Therefore, according to Friedel, the Court should dismiss the Complaint against Friedel pursuant to Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure. *See* Memorandum in Support of Motion to Dismiss Under Rules 8(a)(2) and 12(b)(6), Fed. R. Civ. P. ("Friedel Main Mem.").

## DISCUSSION

**I.** **Dismissal Under Rule 12(b)(6)**

    **A.** **Legal Standard**

The district court should grant a Rule 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, a district court must accept a plaintiff's well-pleaded factual allegations as true, *Papasan v. Allain,* 478 U.S. 265, 283 (1986), and such factual allegations must be "construed favorably to the plaintiff," *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.

1991) (citations omitted). "The review of such a motion is limited, and the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996) (internal citations and quotation marks omitted).

When deciding a motion to dismiss, the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiffs' possession or the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken. *See, e.g., Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-53 (2d Cir.2002).

B. Analysis

As an initial matter, the Court notes that it declines to consider the representations made in the Declaration of Steven Friedel in Support of Motion to Dismiss, attached to the Notice of Motion, as that submission clearly does not fall within the enumerated materials to which the Court may look when considering a motion to dismiss under Rule 12(b)(6). *See Chambers*, 282 F.3d at 152-53. The Court also declines to consider the documents attached as exhibits to the Memorandum in Support of Plaintiff's Opposition to Motion to Dismiss the Individual ("Plaint. Mem."), as it does not appear to the Court that Plaintiff relied on the terms or effect of those documents in drafting the Complaint. *See id.*

Regarding the substance of Friedel's Rule 12(b)(6) argument, the essence of Friedel's position is that the Complaint should be dismissed because it fails to make out a copyright infringement claim against Friedel personally under any theory of liability. *See* Friedel Main

Mem. at 3-4.  Predictably, Plaintiff counters that the allegations in the Complaint "easily support [Friedel]'s individual liability."  Plaint. Mem. at 3.

In order to establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant, "with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another."  *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).  It is well-established that a corporate officer can be held liable for the infringing acts of his corporations if he personally participated in the acts constituting infringement.  *Lechner v. Marco-Domo Internationales Interieur GmbH*, No. 03 Civ. 56664, 2005 WL 612814, at *6 (S.D.N.Y. Mar. 14, 2005) (citations omitted).  *See also Wales Indus. Inc. v. Hasbro Bradley, Inc.,* 612 F. Supp. 510, 518 (S.D.N.Y. 1985), disapproved on another point in *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.* 780 F.2d 189, 194 n.7 (2d Cir.1985), ("An individual who causes a corporate defendant to infringe copyrights and personally participates in the infringing activity is jointly and severally liable with the corporation for the infringement.").

In the case at bar, Plaintiff alleges in the Complaint that Friedel and Laurey engaged Ever Mutual to manufacture the infringing products (Complaint ¶¶ 27-28), and that Friedel, along with Laurey and Ever Mutual, knowingly participated in the infringing activity (*id.* ¶ 29).  Assuming the allegations in the Complaint to be true and drawing all reasonable inferences in Plaintiff's favor, the Court cannot say that "no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon*, 467 U.S. at 73 (citing *Conley*, 355 U.S. at 45-46).  Therefore, I conclude that the allegations in the Complaint are sufficient to withstand

Friedel's motion to dismiss the Complaint as to him.[1]

## II. Dismissal Under Rule 8(a)(2)

### A. Legal Standard

Rule 8 embodies the "simplified notice pleading standard" that lies at the heart of the Federal Rules of Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Thus Rule 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* at 513 (citing and quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The Second Circuit defines "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 108 (2d Cir. 2005) (internal quotation marks and citations omitted).

---

[1] In addition to his argument that Plaintiff has failed to state a claim for contributory copyright infringement (which for the reasons stated in text I reject), Friedel argues that Plaintiff has failed to state a claim against him under a theory of vicarious liability. *See* Friedel Main Mem. at 3. Although Plaintiff did not specifically allege that Friedel "had (i) the right and ability to supervise the infringing activity; and (ii) an obvious and direct financial interest in exploitation of copyrighted materials," which are prerequisites for a finding of vicarious liability by a corporate officer, *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 270 (S.D.N.Y. 2000), the Court declines at this point in the proceedings to parse Plaintiff's infringement claim against Friedel, as I have already concluded that the claim will be permitted to go forward. Additionally, Plaintiff did allege that Friedel is president of Laurey (Complaint ¶ 4), which may indicate a certain level of control or supervision and a financial stake in the exploitation of the Subject Works, although Plaintiff will need to produce evidence on these points if it hopes to succeed on an infringement claim under on a theory of vicarious liability.

**B.      Analysis**

In the case at bar, Friedel devotes one paragraph of his moving brief to arguing that Plaintiff's Complaint does not satisfy the notice pleading requirement of Rule 8. *See* Friedel Main Mem. at 4. However, while it is true that Plaintiff's pleading is not fulsome in its allegations of specifics and details, that is not what is required by Rule 8 and its concept of notice pleading. As discussed above, the Complaint alleges that Friedel and Laurey engaged Ever Mutual to manufacture the infringing products (Complaint ¶¶ 27-28), and that Friedel, along with Laurey and Ever Mutual, "with full knowledge of Plaintiff's rights in the designs of the Subject Works, intentionally infringed th[o]se designs by making, selling and distributing unauthorized copies of the Subject Works" (*id.* ¶ 29). The Court is satisfied that the allegations against Friedel are sufficient to place him on fair notice of the claim Plaintiff is asserting against him.

## CONCLUSION

For the foregoing reasons, Defendant Friedel's motion to dismiss is denied. Friedel is directed to serve and file his answer to Plaintiff's Complaint on or before March 17, 2006.

After issue has thus been joined, counsel for the parties are directed to conduct the conference mandated by Fed. R. Civ. P. 26(f) and to submit to the Court the proposed discovery plan. The plan must be submitted to the Court not later than March 31, 2006. The Court will then consider the entry of a scheduling order pursuant to Rule 16(b).

The foregoing is SO ORDERED.

DATED:     New York, New York
           March 1, 2006

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE